# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| MCLEOD COUNTY | FIRST JUDICIAL DISTRICT |
| | CASE TYPE: CONTRACT |

Steven Hackbarth and
Lynn Hackbarth

      Plaintiffs,

v.

State Farm Fire and
Casualty Company,

      Defendant.

SUMMONS

Court File No. _____

Received
MAR 0 8 2011  4:00
Corporate Law

TO: DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY, ONE STATE FARM PARKWAY, BLOOMINGTON, IL 61710

YOU ARE HEREBY SUMMONED and required to serve upon the attorneys for Plaintiff an Answer to the attached Complaint within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Alternative dispute resolution is available pursuant to the Minnesota General Rule of Practice. You are advised to refer to the Minnesota General Rules of Practice for further information about this process.

1

|  |  |
|---|---|
|  | BUTLER LIBERTY LAW, LLC |
| Dated: 3/1/11 | */s/ William B. Butler* |
|  | William B. Butler (227912) |
|  | 4100 Multifoods Tower |
|  | 33 South Sixth Street |
|  | Minneapolis, Minnesota 55402 |
|  | (612)630-5177 |
|  | ATTORNEY FOR PLAINTIFFS |

2

STATE OF MINNESOTA                                        DISTRICT COURT

MCLEOD COUNTY                                          FIRST JUDICIAL DISTRICT

                                                       CASE TYPE: CONTRACT

Steven Hackbarth and
Lynn Hackbarth

        Plaintiffs,                              **COMPLAINT**

v.                                                     Court File No. _____

State Farm Fire and
Casualty Company,

        Defendant.

    For their Complaint against Defendant, Plaintiffs state and allege as follows:

    1.    Plaintiffs Steve Hackbarth and Lynn Hackbarth (the "Hackbarths") are a married couple currently residing in McLeod County at 21334 Jet Avenue, Silver Lake, Minnesota.

    2.    Defendant State Farm Fire and Casualty Company ("State Farm") is a corporation with principal offices located at One State Farm Parkway, Bloomington, IL 61710.

    3.    Plaintiffs are owners of property located in Wright County at 11732 Douglas Avenue South in West Montrose, Minnesota ("Property").

    4.    The Hackbarths insured the Property through a homeowner's policy

("Policy") written by State Farm.

5. On or about March 3, 2009, a fire destroyed the Property.

6. At the time of the fire, State Farm's Policy insured the dwelling located on the Property for $690,900 and also insured personal property in the amount of $510,000.

7. To date, State Farm has failed to indemnify the Hackbarths for over $500,000 in loss due under the policy.

8. In April of 2008, State Farm's agent declared the damage to the Hackbarth's Property a total loss.

9. Upon information and belief, State Farm wrongfully made "loss payee" payments to an entity that was not the owner or holder of a mortgage on the Property.

10. State Farm has, in bad faith, refused to formally declare a total loss under the policy and instead used the claims handling process to delay and deny its indemnity obligations to the Hackbarths.

## COUNT I: BREACH OF CONTRACT

11. Plaintiffs repeat and reallege the foregoing paragraphs.

12. Defendant has breached its contractual obligations to Plaintiff by: (1) failing to fully indemnify Plaintiffs for their total loss; and (2) making a "loss payee" payment to an entity that did not own or hold a mortgage on Plaintiff's Property.

13. Based on the foregoing, Plaintiffs have suffered damages in excess of Fifty

Thousand Dollars ($50,000.00).

## COUNT II: DECLARATORY JUDGMENT

11.  Plaintiffs repeat and reallege the foregoing paragraphs.

12.  Pursuant to Chapter 555 of the Minnesota Statutes, Plaintiffs seed a declaration of a total loss under the Policy and demand that Defendant pay all sums due for dwelling and personal property loss under the Policy, together with prejudgment interest from April of 2008.

13.  Based on the foregoing, Plaintiffs have suffered damages in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III: BAD FAITH

14.  Plaintiffs repeat and reallege the foregoing paragraphs.

15.  Defendant, through its agents, declared a total loss due on the policy in April of 2008. Since April of 2008 Defendant has refused to formally declare a total loss in order to reduce and/or delay its dwelling and personal property indemnity exposure.

16.  Based on the foregoing, Plaintiffs have suffered damages in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in

excess of Fifty Thousand Dollars ($50,000.00) together with available attorneys fees, costs and disbursements incurred herein, and such other and further relief as the Court may deem just and equitable.

Dated: 3/1/11

BUTLER LIBERTY LAW, LLC

William B. Butler (227912)
4100 Multifoods Tower
33 South Sixth Street
Minneapolis, Minnesota 55402
(612)630-5177

ATTORNEY FOR PLAINTIFFS

ACKNOWLEDGMENT

William B. Butler, attorney for the Plaintiff in the above-captioned matter, hereby acknowledges that pursuant to Minn. Stat. § 549.211, costs, disbursements, witness fees, and reasonable attorney's fees may be awarded to the Defendant in the event Plaintiff is found to be acting in bad faith and/or asserting a frivolous claim.

William B. Butler