UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-690(DSD/FLN)

Steven Hackbarth and
Lynn Hackbarth,

       Plaintiffs,

v.                                                                            **ORDER**

State Farm Fire and
Casualty Company,

       Defendant.

      Brendan R. Tupa, Esq. and Udoibok, Tupa & Hussey, PLLP,
      The Grain Exchange, Suite 310M, 400 South Fourth Street,
      Minneapolis, MN 55415, counsel for plaintiffs.

      C. Todd Koebele, Esq., Scott G. Williams, Esq., Cole A.
      Hickman, Esq. and Murnane Brandt, PA, 30 East Seventh
      Street, Suite 3200, St. Paul, MN 55101, counsel for
      defendant.

This matter is before the court upon the motion for attorneys' fees by plaintiffs Steven and Lynn Hackbarth and the motion to amend judgment by defendant State Farm Fire and Casualty Company (State Farm). Based on a review of the file, record and proceedings herein, and for the following reasons, the motion for attorneys' fees is denied and the motion to amend judgment is granted in part.

**BACKGROUND**

This insurance-coverage dispute arises out of a structure fire at the Hackbarth residence on March 2, 2009. At the time of the

fire, the Hackbarths had a State Farm homeowner's policy (the Policy). See Williams Aff. Ex. B, ECF No. 21. The Policy provided dwelling coverage in the amount of $680,900, personal property coverage up to $510,675 and a living expenses stipend. Id. at SFPROD 01948. As a result of the fire, State Farm paid $540,004.72 for damages to the dwelling, $127,500.96 in personal property losses and $23,512.35 in living expenses. See Pls.' Trial. Ex. 49.

Believing they were entitled to a larger payout under the terms of the Policy, the Hackbarths filed a second amended complaint on September 7, 2011, alleging, among other things, breach of contract. Specifically, the Hackbarths argued that their residence was a total loss and that they were entitled to the policy maximum for their dwelling coverage. See Second Am. Compl. ¶ 12. The Hackbarths also sought recovery of attorneys' fees under Minnesota Statutes § 604.18. Id. ¶¶ 17-21. In response, State Farm counterclaimed, alleging, among other things, that the Hackbarths intentionally concealed and misrepresented numerous material facts in conjunction with their claim, thereby voiding the Policy. See Def.'s Countercl. ¶¶ 67-72, ECF No. 33. State Farm based its claim on the Policy's "Concealment or Fraud" provision, which stated that "any occurrence or loss caused by fire" would not be covered if the insured "(1) before a loss, willfully; or

2

(2) after a loss, willfully and with intent to defraud; concealed or misrepresented any material fact or circumstance." Williams Aff. Ex. B, at SFPROD 01952, ECF No. 21.

On July 9, 2012, the matter proceeded to trial, and a jury determined that "plaintiffs willfully and with intent to defraud, conceal[ed] or misrepresent[ed] a material fact or circumstance as defined in the insurance policy's 'Concealment or Fraud' provision." Special Verdict Form ¶ 1. As a result, the court entered judgment in favor of State Farm. See ECF No. 89.

Thereafter, on August 9, 2012, the Hackbarths moved for an award of attorneys' fees under Minnesota Statutes § 604.18.[1] That same day, State Farm moved to amend the judgment. Specifically, State Farm requested that the court dismiss the Hackbarths' claim for attorneys' fees and order that the Hackbarths remit the $691,018.03 paid prior to the jury verdict.

**DISCUSSION**

**I. Minnesota Statutes § 604.18**

Under Minnesota law, a court may award attorneys' fees if the insured establishes:

> (1) the absence of a reasonable basis for denying the benefits of the insurance policy;

---

[1] At the pretrial conference, the court determined that any claim for attorneys' fees would be decided by the court after the conclusion of trial. See Minn. Stat. § 604.18, subdiv. 2(a) ("The *court* may award [relief].") (emphasis added).

3

> and (2) that the insurer knew of the lack of a reasonable basis for denying the benefits of the insurance policy or acted in reckless disregard of the lack of a reasonable basis for denying the benefits of the insurance policy.

Minn. Stat. § 604.18, subdiv. 2(a). Section 604.18 establishes a two-part test that is modeled after statutes in other jurisdictions. See, e.g., Anderson v. Cont'l Ins. Co., 271 N.W.2d 368, 377 (Wis. 1978). "The first prong is an objective standard that asks whether a reasonable insurer would have denied or delayed payment of the claim under the facts and circumstances." Friedberg v. Chubb & Sons, Inc., 800 F. Supp. 2d 1020, 1025 (D. Minn. 2011) (Keyes, M.J.) (citation omitted). "Whether an insurer has acted reasonably in good or bad faith [under this prong] is measured against what another reasonable insurer would have done in a similar situation." Id. (citation omitted).

The second prong is subjective, and a court may infer a lack of reasonable basis where the insurer exhibits reckless indifference to facts or proofs submitted by the insured. Id. "But when a claim is fairly debatable, the insurer is entitled to debate it, whether debate concerns a matter of fact or law. Whether a claim is fairly debatable implicates the question whether the facts necessary to evaluate the claim are properly investigated and developed or recklessly ignored and disregarded." Id. (citations omitted).

4

Despite the jury finding in favor of State Farm, the Hackbarths argue that an award for attorneys' fees is appropriate because success on the merits in the underlying claim is irrelevant for purposes of § 604.18. See Anderson, 271 N.W.2d at 374 (stating that a claim for bad faith is "separate and apart from a [claim for] breach of contract"). State Farm responds that without success on the merits, a claim under § 604.18 is not cognizable.

The court need not answer this question, however. Even if success on the breach-of-contract claim is not required, the facts do not support a claim under § 604.18. The Hackbarths argue that their home was a total loss and that State Farm should have paid the $680,900 policy maximum. At trial, two Hackbarth witnesses testified that the residence was a total loss, and Tom Beier, a construction-industry expert, explained that State Farm advised him to estimate the repair cost at sixty-five to seventy-five percent of the total insured value. See Beier Aff. ¶¶ 7-11; Jarman Aff. ¶ 3.[2] John Woodworth, a professional engineer, testified, however, that the residence was not a total loss. See Woodworth Aff. ¶ 11. Moreover, Josh Berg, the Hackbarths' State Farm claims representative, testified that he never pressured Beier into concluding that the home was less than a total loss. Berg Aff.

---

[2] The Hackbarths did not submit a transcript in support of their motion. As a result, the court cites to affidavits in the record. These affidavits are substantially similar to the testimony provided at trial.

5

¶ 9.  In sum, State Farm had a reasonable basis to conclude that a total loss did not occur,[3] and the claim fails under the first prong of § 604.18.

Moreover, even if the Hackbarths could satisfy the first prong of § 604.18, the claim fails under the second prong, as the Hackbarths cannot show indifference on the part of the insurer. Upon learning that the Hackbarths disagreed with State Farm's amount-of-loss calculation, Berg gave the Hackbarths the opportunity to hire an independent expert to examine the residence. Id. ¶ 8.  No such report was submitted.  Id.  Therefore, for this additional reason, the Hackbarths' claim under § 604.18 fails.

**II. Rendering Policy Null and Void**

Under Minnesota law, the "entire policy shall be void if ... after a loss, the insured has willfully and with intent to defraud, concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interests of the insured therein." Minn. Stat. § 65A.01, subdiv. 3; see Bahr v. Union Fire Ins. Co., 209 N.W. 490, 491 (Minn. 1926) ("[A]ny attempt to defraud the insurer by the insured voids the policy."). Although such a practice can lead to harsh results, "voiding the policy for material misrepresentations of substantive amounts is

---

[3] The court also notes that State Farm did not deny the Hackbarths' claim in its entirety; payment was provided in the amount of $540,004.72, only $149,895.28 less than the total insured value.

6

consistent with the reciprocal duties of the insured to its insurer and is also consistent with the holdings of the majority of jurisdictions that have addressed this issue." Collins v. USAA Prop. & Cas. Ins. Co., 580 N.W.2d 55, 57 (Minn. Ct. App. 1998) (citations omitted).

In the present action, the jury found that the Hackbarths violated the "Concealment or Fraud" provision of the Policy, which mirrors Minnesota Statutes § 65A.01. The Hackbarths agree that this finding renders the Policy null and void, but argue that such a finding merely acts to terminate the contract and does not require the return of money previously paid by State Farm. The court disagrees. Section 65A.01 does not state that the policy is "terminated" upon a finding of fraud or concealment; rather, it states that the policy is "void." See Kohout v. Homecomings Fin., LLC, No. A11-1765, 2012 WL 2685076, at *3 (Minn. Ct. App. July 9, 2012) (holding that a finding of fraud or concealment results in a void, not a canceled, policy).

In response, the Hackbarths argue that if the Policy is void and they must return the $691,018.03 distributed by State Farm, then they should be entitled to recover all premiums paid over the life of the Policy. Under Minnesota law, however, if a policy "was valid at its inception and went into effect, by reason whereof the insurer ran the risk of incurring liability thereunder, but was subsequently annulled, the insurer is entitled to retain the

7

premiums for the period during which the contract was in force." Nat'l Council of Knights & Ladies of Sec. v. Garber, 154 N.W. 512, 513 (Minn. 1915). As a result, State Farm is entitled to retain all premium payments made while a risk of payment under the Policy existed. Stated another way, the Hackbarths are entitled to recoup only the premium payments attributable to the period after they first committed fraud or concealment as defined in the Policy.[4] Therefore, the Hackbarths must return the $691,018.03 paid by State Farm, less any premium payments attributable to the period after the fraud or concealment occurred.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for attorneys' fees and costs [ECF No. 91] is denied; and

2. Defendant's motion to amend the judgment [ECF No. 95] is granted in part, and the judgment shall be amended to:

    a. Dismiss plaintiffs' claim under Minnesota Statutes § 604.18 with prejudice; and

---

[4] If the Hackbarths paid their premium in a lump sum in the year that the Policy was rendered void, State Farm is entitled to retain only a pro rata share of the premium for the number of days that the Policy was in effect. The court also notes that the jury did not determine the date that the Hackbarths first engaged in fraud or concealment. The court is hopeful, however, that the parties can, in good faith, determine this date and the corresponding amount, if any, that may be used to offset the Hackbarths' repayment to State Farm.

    b. Enter judgment in favor of defendant in the amount of $691,018.03, less any premium payments attributable to the period after the plaintiffs' fraud or concealment occurred.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 31, 2013

                                                    s/David S. Doty
                                                    David S. Doty, Judge
                                                    United States District Court