UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-690(DSD/FLN)

Steven Hackbarth and
Lynn Hackbarth,

       Plaintiffs,

v.                                          **ORDER**

State Farm Fire and
Casualty Company,

       Defendant.

Brendan R. Tupa, Esq. and Udoibok, Tupa & Hussey, PLLP, The Grain Exchange, Suite 310M, 400 South Fourth Street, Minneapolis, MN 55415, counsel for plaintiffs.

C. Todd Koebele, Esq., Scott G. Williams, Esq., Cole A. Hickman, Esq. and Murnane Brandt, PA, 30 East Seventh Street, Suite 3200, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon the motion for a new trial or, in the alternative, to alter or amend judgment by plaintiffs Steven and Lynn Hackbarth. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

The background of this action is fully set out in the court's January 31, 2013, order, and the court recites only those facts necessary for the disposition of the instant motion. This action arises out of a structure fire at the Hackbarth residence on March

2, 2009.  Subsequent to the fire, an insurance-coverage dispute arose, and the matter proceeded to trial.  After a four-day jury trial, a verdict was returned in favor of defendant State Farm Fire and Casualty Company (State Farm).  Specifically, the jury found that "plaintiffs willfully and with intent to defraud, conceal[ed] or misrepresent[ed] a material fact or circumstance as defined in the insurance policy's 'Concealment or Fraud' provision."  Special Verdict Form ¶ 1; see Jury Instruction 19, ECF No. 87.  The jurors were then instructed to "skip the remaining [special verdict form] questions" and conclude their deliberations.  See Special Verdict Form ¶ 1.

Thereafter, on August 9, 2012, the Hackbarths filed a motion for attorneys' fees under Minnesota Statutes § 604.18.  On that same day, State Farm filed a motion to amend the judgment, requesting that the court (1) formally dismiss the Hackbarths' claim under § 604.18 and (2) order the Hackbarths to refund the $691,018.03 that State Farm paid prior to the jury verdict.  The court denied the Hackbarths' motion under § 604.18 and entered judgment in favor of State Farm in the amount of $691,018.03, less any premium payments made subsequent to the Hackbarths' fraud or concealment.  On February 28, 2013, the Hackbarths moved for a new trial or, in the alternative, to alter or amend the judgment.  The court cancelled oral argument, and now considers the motion.  See Fed. R. Civ. P. 78(b).

**DISCUSSION**

## I. Motion for New Trial

The court shall grant a new trial "only if the verdict was against the great weight of the evidence" and doing so is necessary to "prevent a miscarriage of justice." Jacobs Mfg. Co. v. Sam Brown Co., 19 F.3d 1259, 1266 (8th Cir. 1994) (citations and internal quotation marks omitted). A contrary standard "would destroy the role of the jury as the principal trier of the facts, and would enable the trial judge to disregard the jury's verdict at will." White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992) (citation and internal quotation marks omitted).

"A district court has broad discretion in drafting jury instructions." Pittman v. Frazer, 129 F.3d 983, 987 (8th Cir. 1997) (citation omitted). "In reviewing a substantive challenge to jury instructions, the pertinent query is whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." Horstmyer v. Black & Decker, (U.S.), Inc., 151 F.3d 765, 771 (8th Cir. 1998) (citation and internal quotation marks omitted).

The Hackbarths argue that the court committed manifest error by (1) failing to instruct the jury as to the elements of fraud by misrepresentation and (2) permitting the jury to skip questions

four through ten of the special verdict form.[1]  The court disagrees.

As an initial matter, the court notes that the Hackbarths' motion for a new trial is untimely.  Rule 59(b) states that "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment."  The jury entered judgment in favor of State Farm on July 13, 2012.  See ECF No. 89.  The Hackbarths, however, did not file a motion for a new trial until February 28, 2013, more than six months after the jury verdict.  As a result, the motion is untimely.

In an attempt to circumvent Rule 59(b), the Hackbarths argue that their motion for a new trial was filed within twenty-eight days of the order denying their motion for attorneys' fees. Specifically, the Hackbarths argue that their claim for a new trial did not ripen until the court ruled on their motion for attorneys' fees.  The court disagrees and notes that its decision regarding attorneys' fees was made independent of the jury verdict.  See Minn. Stat. § 604.18, subdiv. 2(a) ("The *court* may award [relief].") (emphasis added). This distinction is evidenced by the separate judgments entered in this action.  Compare ECF No. 89 (jury verdict entered on July 13, 2012), with ECF No. 109 (decision by court entered on January 31, 2013).  Moreover, the Hackbarths'

---

[1] The Hackbarths have not provided a transcript with their motion.  As a result, the court is unable to determine whether the Hackbarths preserved these arguments by objecting at trial.

4

substantive argument - that the jury instructions were insufficient - related to the July 13, 2012, judgment, not their motion for attorneys' fees. As a result, the Hackbarths' motion for a new trial is untimely, and this alone warrants that the motion be denied.

Even if the motion for a new trial was timely, the motion would fail on the merits. The court did not instruct the jury as to the five elements of fraud, as State Farm was not required to show actual fraud or concealment - only an attempt to commit fraud or concealment. See Columbian Ins. Co. of Ind. v. Modern Laundry, Inc., 277 F. 355, 359 (8th Cir. 1921) (applying Minnesota law and noting that "[d]eceit and injury" are not "indispensable to proof of an attempt to defraud"). Specifically, in Modern Laundry, the Eighth Circuit remanded and granted a new trial upon its determination that the district court erroneously instructed the jury to determine whether the insurance company relied upon the insureds' misrepresentation. See id. at 357-60. Indeed, when the

> insured knowingly and willfully makes a false statement of or regarding a material fact in its proof of loss, or in its testimony regarding the value of the property insured, or the loss or damage thereto by fire, the intention to deceive the insurer is *necessarily implied* as the natural consequence of such act.

Id. at 360 (emphasis added) (citations omitted); see Bahr v. Union Fire Ins. Co., 209 N.W. 490, 491 (Minn. 1926) ("[A]ny attempt to defraud the insurer by the insured voids the policy, even though

5

the attempt be abortive, or did not influence ... the insurer ....").  Mirroring Modern Laundry, the jury instructions in the instant matter asked the jurors to determine whether the Hackbarths "willfully and with intent to defraud ... concealed or misrepresented any material fact or circumstance relating to this insurance."  Jury Instruction 19, ECF No. 87.  As a result, the court did not err when it declined to instruct the jury as to the elements of fraud, and the Hackbarths' argument fails.

The Hackbarths next argue that it was improper for the court to instruct the jury to conclude their deliberations upon determining that the Hackbarths attempted to conceal or misrepresent a material fact or circumstance.  This argument is unavailing.  Under Minnesota law, and as explained in the court's January 31, 2013, order, "any attempt to defraud the insurer by the insured voids the policy."  Bahr, 209 N.W. at 491; see Collins v. USAA Prop. & Cas. Ins. Co., 580 N.W.2d 55, 57 (Minn. Ct. App. 1998) ("[V]oiding the policy for material misrepresentations of substantive amounts is consistent with the reciprocal duties of the insured to its insurer and is also consistent with the holdings of the majority of jurisdictions that have addressed this issue." (citations omitted)).  As a result, the court did not err by instructing the jury to conclude its deliberations after their initial determination of fraud or concealment.  Therefore, for this additional reason, the motion for a new trial is denied.

6

**II. Motion to Alter or Amend Judgment**

The Hackbarths next argue that if the court declines to order a new trial, then the judgment should be altered or amended. "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e) ...." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Id. (citation and internal quotation marks omitted). Although the motion to alter or amend is timely, the Hackbarths raise no additional arguments, and have not shown that the court committed any error. Therefore, for the reasons already stated, amending the judgment is not warranted, and the motion is denied.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that plaintiffs' motion for a new trial or, in the alternative, to alter or amend judgment [ECF No. 110] is denied.

Dated:  June 3, 2013

                                                 s/David S. Doty  
                                                 David S. Doty, Judge  
                                                 United States District Court